UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: QUICK CASH, INC., a New Mexico corporation,   No. 11-15-11800 JA

    Debtor.

CAROLINE TULLIE,
on her own behalf as next
friend of Nelson Tullie, and on
behalf of all others similarly situated,

    Plaintiff,

v.   Adversary No. 15-1063 J

QUICK CASH, INC, d/b/a
CASH COW LOAN CO.,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Caroline Tullie, on her own behalf as next friend of Nelson Tullie, and on behalf of all others similarly situated, filed a class action against Defendant Quick Cash, Inc. ("Quick Cash") in the United States District Court for the District of New Mexico as Case No. 1:14-cv-00491-SMV-SCY (the "Class Action Suit"). Ms. Tullie removed the Class Action Suit to this Court initiating this adversary proceeding on August 5, 2015. Before removal, the parties had briefed the issue of class certification, but the class had not been certified as of the removal date. Upon review of Plaintiff's Motion for Class Certification and the competing briefs, and being otherwise sufficiently informed, the Court finds that the Motion for Class Certification should be granted and the class certified pursuant to Fed. R. Civ. P. 23, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7023.

DISCUSSION

Ms. Tullie requests class certification pursuant to Fed. R. Civ. P. 23 to pursue her claims against Quick Cash under the federal Truth in Lending Act and the New Mexico Unfair Practices Act. Class certification requires satisfaction of all four requirements of Rule 23(a), plus the requirements of one of the three categories of class actions described in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes,* __ U.S.__, 131 S.Ct. 2541, 2548, 180 L.Ed.2d 374 (2011) ("Under Rule 23(a), the party seeking certification must demonstrate first, that [the requirements of 23(a) are met]. Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)"); *In re Integra Realty Res., Inc.* 354 F.3d 1246, 1262 (10th Cir. 2004) (the proposed class must meet "the four prerequisites of numerosity, commonality, typicality, and fair and adequate representation set forth in Rule 23(a)[,]" and the claim must be "maintainable as a class action under one of the three categories of suits described in Rule 23(b)") (citation omitted). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

Ms. Tullie asserts that the Class Action Suit is the type of class action described in category 3 of subsection (b), which provides:

> A class action may be maintained if Rule 23(a) is satisfied and if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).

The party requesting class certification bears the burden of demonstrating that the requirements for class certification have been met. *See Wal-Mart Stores,* 131 S.Ct. at 2551 ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule"); *Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir. 2006) ("A party seeking class certification must show 'under a strict burden of proof' that all four requirements are clearly met.") (quoting *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir. 1988)).

"Certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores,* 131 S.Ct. at 2551 (quoting *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). In conducting its analysis, the Court cannot rely solely on the allegations of the complaint because "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores,* 131 S.Ct. at 2551. *See also, Montano v. First Light Fed. Credit Union, (In re Montano),* 488 B.R. 695, 703 (Bankr. D.N.M. 2013) ("When ruling on the propriety of class certification, the trial court is required to do more than accept plaintiff's allegations."). The party

3

seeking class certification must provide some evidentiary basis to demonstrate "'that there are *in fact* sufficiently numerous parties, common questions of law or fact,' typicality of claims or defenses and adequacy of representation, as required by Rule 23(a) . . . . [and] must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend,* __ U.S.__, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 5158 (2013) (quoting *Wal-Mart Stores,* 131 S.Ct. at 2552). With these standards in mind, the Court will consider whether Ms. Tullie has satisfied the requirements for class certification.

   A. ***Rule 23(a)***

"As a prerequisite to class certification, the class must be adequately defined." *Montano,* 488 B.R. at 704 (citing *Alliance to End Repression v. Rochford,* 565 F.2d 975, 977 (7th Cir. 1977)). *See also Warnick v. Dish Network LLC,* 301 F.R.D. 551, 555 (D.Colo. 2014), *appeal docketed,* No. 15-1100 (10th Cir. Mar. 20, 2015) ("although not specifically mentioned in Rule 23, there must be an ascertainable class.") (citations omitted). "If the members of the class can be ascertained by reference to objective criteria, then the class is adequately defined." *Warnick,* 301 F.R.D. at 556 (quoting *Edwards v. Zenimax Media Inc.,* 2012 WL 4378219, at *4 (D.Colo. Sept. 25, 2012) (remaining citations omitted)). Ms. Tullie defines the class as consisting "of all natural persons who, within four years prior to the filing of the Complaint, borrowed money from Cash Cow (including the refinancing of previous loans), where Cash Cow (1) charged a $25 'application fee' but failed to include that fee in the Finance Charge, and/or (2) failed to disclose the dates and frequency of payments." *See* Plaintiff's Brief in Support of Motion for Class Certification ("Plaintiff's Certification Brief") – Docket No. 1-5, p. 11. This definition

4

sufficiently describes a discrete set of class members using objective criteria who have been affected by Quick Cash's lending practices.

1. Numerosity

The numerosity element under Rule 23(a)(1) requires plaintiff to demonstrate "that the class is so numerous as to make joinder impracticable." *Trevizo,* 455 F.3d at 1162 (quoting *Peterson v. Okla. City Housing Auth.,* 545 F.2d 1270, 1273 (10th Cir. 1976)). There is "'no set formula to determine if the class is so numerous that it should be so certified.'" *Trevizo,* 455 F.3d 1162 (quoting *Rex v. Owens ex rel. State of Okla.,* 585 F.2d 432, 436 (10th Cir. 1978)). But the class representative must present "some evidence of established, ascertainable numbers constituting the class." *Rex,* 585 F.2d at 436.

Ms. Tullie contends that the class consists of more than 4,700 members, and supports this contention with excerpts from the deposition of Quick Cash's representative stating that there were 4,000 instances between May 23, 2012 to May 23, 2013 where Quick Cash charged application fees that were not disclosed as part of a finance charge on the loan documents, and in the year before there were "possibly" more than a thousand. *See* Plaintiff's Certification Brief – Exhibit B. Quick Cash has not disputed that Ms. Tullie has satisfied the numerosity requirement.[1] The Court agrees that 4,000 plus class members satisfies the numerosity requirement. Joinder of more than 4,000 individuals as plaintiffs in this adversary proceeding would be impracticable.

---

[1] The Court also notes that the creditor mailing matrix in Quick Cash's bankruptcy case has over 7,000 listed creditors. *See* Bankruptcy Case No. 15-11800.

5

2. <u>Commonality</u>

Rule 23(a)(2), referred to as the "commonality requirement" requires the presence of "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Commonality requires the putative class members to "possess the same interest and suffer the same injury." *Falcon,* 457 U.S. at 157, 102 S.Ct. 2364. In *Wal-Mart Stores,* the Supreme Court heightened this commonality standard, explaining that commonality "does not mean merely that [the class members] have all suffered a violation of the same provision of law," and clarifying that the "claims must depend on a common contention . . . . [which] must be of such a nature that it is capable of classwide resolution." *Wal-Mart Stores,* 131 S.Ct. at 2551.

Ms. Tullie identifies several questions of law and fact common to all class members. She alleges that Quick Cash used the same form of Retail Installment Contract for all if its retail loans including those loans extended to Ms. Tullie and other members of the putative class, charged its customers a $25 application fee when customers borrowed money from Quick Cash, and did not include the "application fee" in the Finance Charge reported in the standard Retail Installment Contract. In support of these common factual issues, Ms. Tullie attached excerpts from the deposition transcript for Quick Cash's representative acknowledging that Quick Cash uses the identical Retail Installment Contract form for all of its retail loans, and charged its customers a $25 "application fee" but did not include the application fee as a finance charge. *See* Plaintiff's Certification Brief – Exhibit B. "'Claims arising out of standard documents present a classic case for treatment as a class action.'" *Maez v. Springs Automotive Group, LLC,* 268 F.R.D. 391, 396 (D.Colo. 2010) (quoting *Arenson v. Whitehall Convalescent and Nursing Home,*

6

*Inc.,* 164 F.R.D. 659, 664 (N.D.Ill. 1996)). As for common questions of law, Ms. Tullie contends that the $25 application fee constitutes a "Finance Charge" under TILA, that Quick Cash violated the TILA by failing to accurately disclose the Finance Charge and the Annual Percentage Rate on the loan agreement, that Quick Cash violated the TILA by failing to disclose to class members all required information in the payment schedule, and that Quick Cash's alleged misrepresentation of the Finance Charge states a claim for damages under the UPA.

Whether the putative class members suffered the same injury, *i.e.,* was the application fee improperly charged and not disclosed as a finance charge in violation of the TILA and the UPA, is capable of classwide resolution. Quick Cash has not disputed that Ms. Tullie has satisfied the commonality requirement. The Court finds that Ms. Tullie has satisfied the commonality requirement.

### 3. Typicality

Typicality under Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). To satisfy this standard, the representative's "interest in prosecuting [her] own case must simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.,* 436 F.3d 461, 466 (4th Cir. 2006). However, the representative party's claim need not be identical to the claims of the other members of the class to satisfy Rule 23(a)(3)'s typicality requirement. *See DG v. Devaughn,* 594 F.3d 1188, 1198 (10th Cir. 2010) ("The interests and claims of Named Plaintiffs and class members need not be identical to satisfy typicality.") (citing *Anderson v. City of Albuquerque,*690 F.2d 796, 800 (10th Cir. 1982)). When the class representative's claim and the claims of the other "class members are based on the same legal or remedial theory, differing fact

7

situations of the class members do not defeat typicality." *Devaughn,* 594 F.3d at 1198-1199
(citing *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir. 1988)). "[L]ike commonality, typicality
exists where . . . all class members are at risk of being subjected to the same harmful practices,
regardless of any class member's individual circumstances." *Devaughn,* 690 F.2d at 1199
(citation omitted).

Ms. Tullie's claim and the claims of all other class members are premised on Quick
Cash's use of the same form Retail Sales Installment Contract, the same $25 application fee, and
the same course of conduct in disclosing payment schedules. Ms. Tullie's claims are premised
on the same legal theories as those raised on behalf of the class. That Ms. Tullie's individual
claimed recovery may vary from other class members is insufficient to defeat typicality. Quick
Cash has not disputed that Ms. Tullie has satisfied the typicality requirement. The Court finds
that Ms. Tullie has satisfied the typicality requirement.

    4. <u>Adequacy of Representation</u>

Quick Cash's only objection to the Motion for Class Certification is that Ms. Tullie
cannot provide the potential class with adequate representation and has, therefore, not satisfied
the requirements of Rule 23(a)(4). Adequacy of representation under Rule 23(a)(4) requires that
"the representative parties will fairly and adequately protect the interests of the class."
Fed.R.Civ.P. 23(a)(4). The Court examines legal adequacy by answering the following
questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other
class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously
on behalf of the class?'" *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187-88 (10th
Cir. 2002) (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1988)). Also

8

relevant to the second question is the experience and competence of plaintiff's counsel.  *See In re Thornburg Mortg., Inc. Securities Litigation,* 912 F.Supp.2d 1178, 1223 (D.N.M. 2012) ("In considering the second question, the experience and competence of the attorney representing the class may inform the court's analysis.") (citing *Lopez v. City of Santa Fe*, 206 F.R.D.285, 289-90 (D.N.M. 2002)).  To satisfy the adequate representation requirement, the class representative must demonstrate that his or her interests are aligned with the interests of the class, and that he or she "will vigorously prosecute those interests with the assistance of qualified counsel." *In re Adam Aircraft Indus., Inc.,* 2009 WL 2100929, *12  (Bankr.D.Colo. Mar. 20, 2009) (citing *Rutter,* 314 F.3d at 1187-88).

Quick Cash asserts that Ms. Tullie is not an adequate class representative because she is a class representative in a different consumer class action suit against a different defendant, because she is confused about her status, role and obligations as class representative in this lawsuit, and because she does not understand the nature of her claims asserted against Quick Cash in this lawsuit.  Quick Cash relies on deposition testimony from Ms. Tullie indicating that she believes her suit against Quick Cash involves her truck title and that she really does not know about whether the lawsuit against Quick Cash is an individual or class action suit.  Ms. Tullie's serving as a class representative in other litigation, her possible confusion about her claims in this adversary proceeding, or her status, role and obligations as class representative fail to show that Ms. Tullie cannot adequately represent the class.

There is no evidence or claim of any conflict of interest between Ms. Tullie and other members of the class, or between her counsel and other members of the class.  Ms. Tullie's interests are aligned with those of other similarly situated consumers who borrowed money from

9

Quick Cash under a Retail Sales Installment Contract.  In addition, with the assistance of counsel, the Court is convinced that Ms. Tullie will prosecute the action vigorously on behalf of the class.  Ms. Tullie's counsel has prosecuted the action both in Federal District Court and now in this Court.  Her counsel is familiar with consumer class action lawsuits and is competent to represent Ms. Tullie in this case.  He has brought over 20 class action suits in federal court.  Many of those federal class actions suits resulted in recovery to the classes.  Plaintiffs' counsel has represented numerous clients in bringing claims under the TILA and the UPA.  *See* Plaintiff's Certification Brief – Exhibit C, Declaration of Richard N. Feferman.  Ms. Tullie's counsel has ably and vigorously asserted the interests of his client before this Court.  The Court, therefore, finds that Ms. Tullie has satisfied the adequate representation requirement for class certification.

    B.  ***Rule 23(b)(3)***

Ms. Tullie seeks to certify the class under subsection (3) of Rule 23(b), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P. 23(b)(3).  The Court must "make findings about predominance and superiority" before certifying the class.  *Wal-Mart,* 131 S.Ct. at 2559.  Rule 23(b)(3) directs the Court to a non-exclusive list of pertinent matters relating to the Court's findings of predominance and superiority:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the
>   claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3)(A) – (D).[2]

The Court will separately examine the predominance and superiority requirements with these factors in mind. *See Bustillos v. Board of Cnty. Comm'rs of Hidalgo Cnty.* __ F.R.D. __, 2015 WL 6393567, *22 (D.N.M. Sept. 16, 2015) ("These four factors are not generally considered separately, but rather are analyzed at the level of two requirements—both of which must be satisfied: predominance and superiority. The four factors in (b)(3)(A) through (b)(3)(D) are all probative of both requirements.").

1. <u>Predominance</u>

"[T]he predominance criterion [of Rule 23(b)(3)] is far more demanding" than Rule 23(a)'s commonality requirement. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 624, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Whereas commonality requires that the claims of all class members share common questions of law or fact, predominance requires that those common questions "predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). The predominance inquiry tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation," *Amchem Products,* 521 U.S. at 623, and requires that issues common to all class members predominate over individual issues. *Foster v. Merit Energy Co.,* 282 F.R.D. 541, 562 (W.D.Okla. 2012) (quoting *In re Hydrogen Peroxide Antitrust Lit.,* 552 F.3d 305, 311 (3rd Cir. 2008) and citing *Monreal v. Potter,* 367 F.3d 1224, 1237-38 (10th Cir.

---

[2] *See also Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 615, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)("Rule 23(b)(3) includes a nonexhaustive list of factors pertinent to a court's 'close look' at the predominance and superiority criteria").

11

2004)).  The need to conduct damages calculations on an individualized basis does not automatically defeat class certification.  *See Behrend,* 133 S.Ct. at 1437 (Ginsburg & Breyer, JJ., joined by Sotomayor & Kagan, JJ., dissenting) ("Recognition that individual damages calculations do not preclude class certification under Rule 23(b)(3) is well nigh universal.").  But where issues subject only to individualized proof predominate, class certification under Rule 23(b) is not appropriate.  *See Klay v. Humana,* 382 F.3d 1241, 1255 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 128 S.Ct. 1231, 170 L.Ed.2d 1012 (2008) (finding that class certification is not appropriate where class members must "introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims.").[3]

The class claims are all premised on Quick Cash's use of the form Retail Sales Installment Contract, charging customers a standard $25 application fee, and whether its lending procedures in relation to those charges violated the TILA and the UPA.  The question of liability is, therefore, uniform as to all class members, and will necessarily involve resolution of common questions of law.  As for damages, although individual members of the class may claim a different damage amount depending upon the number of loans and how many "application fees" were charged, the damages amount is easily calculable.  The Court finds that Ms. Tullie has satisfied the predominance requirement for certification of her class claims.

---

[3] *See also, Myers v. Hertz Corp.,* 624 F.3d 537, 547 (2d Cir. 2010) (predominance is satisfied "'if resolution of some of the legal or factual questions that qualify each member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial that the issues subject only to individualized proof.'") (quoting *Moore v. PaineWebber, Inc.,* 306 F.3d 1247, 1252 (2d Cir. 2002)).. .

2. Superiority

In addition to the predominance requirement, the Court must also find that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy" before certifying a class under Rule 23(b)(3). Fed.R.Civ.P. 23(b)(3). A class action is particularly well-suited to vindicate "the rights of groups of people who individually would be without effective strength to bring their opponents to court at all." *Amchem,* 521 U.S. at 617 (quotation marks and citation omitted). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Id.* (quoting *Mace v. Van Ru Credit Corp.,* 109 F.3d 388, 344 (7th Cir. 1997)).

Here, the amounts of the individual claims are small. The members of the class are likely unsophisticated, and may be unaware of their potential claims. This is precisely the type of action best suited to filing as a class action. *See, e.g., Maez v. Springs Automotive Group, LLC,* 268 F.R.D. 391 (D.Colo. 2010) (certifying class action asserting TILA claims); *Yazzie v. Ray Vicker's Special Cars, Inc.,* 180 F.R.D. 411 (D.N.M. 1998) (certifying class alleging claims that pawn ticket disclosures violated the TILA). The class members likely would have no interest in controlling the litigation through separate, individual claims. *See* Fed.R.Civ.P. 23(b)(3)(A) (directing the Court to consider "the class members' interest in individually controlling the prosecution . . . of separate actions.).

There is little evidence before the Court regarding the second factor, which considers "the extent and nature of any litigation concerning the controversy already begun by or against class members." Fed.R.Civ.P. 23(b)(3)(B). Quick Cash has asserted that Ms. Tullie is a class

13

representative in another class action initiated against a different defendant in a different forum and that she believes her claim against Quick Cash concerns her truck title. But there is no evidence of any other similar actions currently pending against Quick Cash.

The third and fourth factors, the desirability of concentrating the claims in a particular forum and the anticipated difficulties in managing a class action, appear to go hand in hand when applied to this case. Quick Cash filed its voluntary petition in bankruptcy after Ms. Tullie initiated the Class Action Suit. One benefit of a bankruptcy case is that it concentrates all claims against the debtor in one forum. *See In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. 365, 376 (Bankr. S.D.N.Y. 1997) ("A bankruptcy proceeding offers the same procedural advantages as the class action because it concentrates all the disputes in one forum.") (citations omitted). Adjudicating all claims, including the claims asserted in the Class Action Suit, in the bankruptcy court is desirable because it is consistent with the goals of bankruptcy. Manageability "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 164, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The noticing requirements for class action suits and the noticing requirements for claims in the bankruptcy process complicate the management of this Class Action Suit. But these additional complications are insufficient to render the class action format unmanageable. The Court has already determined that Quick Cash must provide additional notice of the general claims bar date in the bankruptcy case to members of the class. The Court can manage the class action consistent with the claims process in the bankruptcy case.

Based on the foregoing, the Court concludes that Ms. Tullie has satisfied all the requirements for class certification under Rule 23. The Court further finds that the class falls

14

Case 15-01063-j    Doc 17    Filed 11/10/15    Entered 11/10/15 16:43:05 Page 14 of 15

into the category of class actions described in Rule 23(b)(3).  The Court will enter a separate order consistent with this Memorandum Opinion directing Ms. Tullie to submit a class certification order.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 10, 2015

COPY TO:

Richard N Feferman
Attorney for Plaintiff
300 Central Ave SW Ste 2000 W
Albuquerque, NM 87102-3298

Daniel J. Behles
Moore, Berkson, Bassan & Behles, P.C.
Attorney for Defendant
3800 Osuna Rd NE, Suite #2
Albuquerque, NM 87109